UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-10682** |
| **0.033 ACRES of LAND, MORE or LESS, SITUATED in PARISH of PLAQUEMINES, STATE of LOUISIANA, and ESTATE of GEORGIANNA TURNER, ET AL** | **SECTION: T** <br> **TRACT NO. 626E** |

## ORDER AND REASONS

Before the Court is the United States' motion for determination of title and request for hearing to determine just compensation. On September 18, 2020, the Court granted the motion insofar as the Court ordered that the issues of ownership and just compensation for the taking of Tract No. 626E will be resolved by November 11, 2020, on the papers, because no defendant had appeared or answered.[1] On October 30, 2020, the United States filed a certificate of service into the record of this case, certifying that it had published the Court's order in several newspapers of general circulation in Louisiana.[2]

For the following reasons, the United States' motion is **GRANTED**. **IT IS FURTHER ORDERED** that the just compensation for the taking of Tract 626E, payable by the United States to the defendants/claimants, is the total sum of $2,200. **IT IS FURTHER ORDERED** that the United States will submit a proposed judgment consistent with this Order and Reasons within 14 days of the date of this Order and Reasons. **IT IS FURTHER ORDERED** that the pretrial conference and the trial are hereby cancelled.

---

[1] R. Doc. 35.
[2] R. Doc. 39.

**BACKGROUND**

On May 24, 2019, the United States initiated this land condemnation action in which the United States has condemned, for the public use of flood protection, a levee easement over real property consisting of 0.033 acres of land, more or less, situated in Plaquemines Parish, Louisiana, and designated as Tract No. 626E, as more fully described in the record at R. Doc. 2-1. On June 3, 2019, the United States deposited $4,000.00 into the Court's registry,[3] and title vested in the United States upon the deposit of the funds. No funds have been withdrawn.

The United States has identified the persons who may have ownership interest in Tract No. 626E. The tract was owned by the Estate of Georgianna Turner and the Estate of Roosevelt Williams. The United States has submitted evidence showing that Georgianna Turner Williams died on July 5, 1956, and Roosevelt Williams died on July 22, 1985. The United States contends that Georgianna Turner Williams and Roosevelt Williams have 48 known heirs, and that ten of their heirs are deceased. Of the 38 living heirs, only ten, the heirs of Earl Williams, Herbert Williams, and Lawrence Williams, have been determined by judicial proceeding or affidavit of death and heirship. The remaining 28 purported heirs have not been determined by successions or affidavits. The United States has named the estates of all of those who had died intestate, as well as the known living heirs.[4] None of the defendants have appeared or answered.

After recording the Notice of Lis Pendens with the Plaquemines Parish Clerk of Court, the United States obtained updated title through the date of the Notice to ensure that all parties that may be owed compensation had been identified. The title update revealed that Plaquemines Parish Government filed a lien on the property in the amount of $950.00 on January 25, 2019, recorded

---

[3] R. Doc. 7.
[4] R. Doc. 2-1.

at Book 742, page 158 of the Mortgage Records of Plaquemines Parish, Louisiana. Accordingly, the Plaquemines Parish Government is named in the proceeding.

The United States has submitted an Attorney's Opinion of Title that supports the United States' determination of the likely ownership of this tract. Prior to the filing of this action, the United States obtained a trial appraisal of Tract 626E that estimated $2,200.00 as just compensation for the real estate interest acquired in the 0.033 acres of land.

## LAW AND ANALYSIS

### I. Ownership of Tract 626E

Federal courts sitting in condemnation cases are authorized to determine who among competing claimants held title to land prior to its condemnation.[5] Pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, the Court "tries all issues, including compensation, except when compensation must be determined by [a specially constituted tribunal or by a jury]." As the Supreme Court has observed:

> The Rule provides that, except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented.... It is for him to decide "all issues" other than the precise issue of the amount of compensation to be awarded.[6]

Thus, the Court has jurisdiction to determine whether a defendant-claimant has a compensable interest and is thus entitled to present evidence as to just compensation at a trial on that issue. Rule 71.1(h) reserves this determination, properly disposed of as a preliminary matter, to the Court.

The United States has identified the persons who may have an ownership interest in Tract 626E; all informed by the title company's review of the chain of title. The property was purchased

---

[5] *Clark v. White*, 185 F.2d 528, 530 (5th Cir.1950); *United States v. 22,680 Acres of Land*, 438 F.2d 75, 77 (5th Cir.1971); *United States v. 1,629.6 Acres of Land*, 503 F.2d 764, 766 (3d Cir.1974); *United States v. Atomic Fuel Coal Co.*, 383 F.2d 1, 3 (4th Cir.1967).
[6] *United States v. Reynolds*, 397 U.S. 14, 19–20 (1970).

by Georgianna Turner Williams and Roosevelt Williams on December 8, 1944. Georgianna Turner Williams died on July 5, 1956, and Roosevelt Williams died on July 22, 1985. The heirs have not been established by a judicial proceeding.[7] Thus, the United States has determined that ownership of Tract 626E is held: (1) 50% by the unopened Estate of Georgianna Turner Williams; and (2) 50% by the unopened Estate of Roosevelt Williams.

## II.  Just Compensation

In this case, there is no jury demand, and the Court may, therefore, make a determination of just compensation.[8] Pursuant to Rule 71.1(e)(3), "a defendant -- whether or not it has previously appeared or answered -- may present evidence on the amount of compensation to be paid and may share in the award." Although the United States published notices in the newspaper, nobody has appeared to contest the United States' submission as to just compensation.

Just compensation is the fair market value of the property on the date of its appropriation.[9] The United States has presented an appraisal of the property that states that just compensation in the amount of $2,200.00 is proper and appropriate.[10] No party has contested this just compensation valuation or submitted an alternative estimate of just compensation. Although the trial appraisal estimated the tract's value to be $2,200.00 the United States deposited $4,000 in just compensation based upon a Department of the Army Offer to Sell Easement agreement which was accepted during negotiations with the landowners.[11] The record supports a finding that $2,200 is the fair market value of Tract 626E. Accordingly, this court finds that $2,200 constitutes just compensation for the taking of Tract 626E.

---

[7] R. Doc. 35-5, p.2.
[8] Fed. R. Civ. P. 71.1(h).
[9] *Kirby Forest Indus., Inc. v. United States*, 104 S. Ct. 2187, 2194 (1984).
[10] R. Doc. 34-7.
[11] R. Doc. 34-8.

Because the title update revealed that Plaquemines Parish Government filed a lien on the property in the amount of $950.00 on January 25, 2019, the Court finds that just compensation should be distributed as follows:

| | |
|---|---|
| Plaquemines Parish Government<br>c/o Legal Department<br>333 F Edward Hebert Boulevard, Bld. 100<br>Belle Chasse, LA 70073<br>Ref. MOB 742, Page 158 | $950.00 |
| Estate of Georgianna Turner Williams | $1,525.00 |
| Estate of Roosevelt Williams | $1,525.00 |

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the United States' motion is **GRANTED**. **IT IS FURTHER ORDERED** that the just compensation for the taking of Tract 626E, payable by the United States to the defendants/claimants, is the total sum of $2,200. **IT IS FURTHER ORDERED** that the United States will submit a proposed judgment consistent with this Order and Reasons within 14 days of the date of this Order and Reasons. **IT IS FURTHER ORDERED** that the pretrial conference and the trial are hereby cancelled.

**New Orleans, Louisiana**, on this 25th day of November, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

5